IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRI'ANNE WILAND, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-CV-00443-GKF |
| | ) |
| KEVIN STITT; JULIE DOSS; | ) |
| M. JOHN KANE IV; WILMA PALMER; | ) |
| TAMMY BRUCE; ANTHONY MILLER; | ) |
| CAROLINE WALL; KEVIN GRAY; | ) |
| STEVE KUNZWEILER; | ) |
| and GENTNER DRUMMOND, | ) |
| | ) |
|    Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the court *sua sponte* on the Complaint of Plaintiff Bri'Anne Wiland. [Doc. 1]. For the reasons discussed below, the court abstains from exercising jurisdiction, and this matter is dismissed without prejudice.

**I.    Background and Procedural History**

Ms. Wiland filed her Complaint herein on September 20, 2024 requesting three remedies from this court: (1) restoration of custody of her minor children, (2) answering a question involving interpretation of the Oklahoma Constitution, and (3) declaratory judgment regarding Ms. Wiland's custody of her children and the jurisdiction of Oklahoma courts thereover. [Doc. 1, p. 3]. Although Ms. Wiland's Complaint does not specify the state court proceeding underlying her Complaint, there is but one case involving child custody on the Oklahoma State Courts Network with Ms. Wiland as a party: *Wiland v. Wiland*, Tulsa County District Court Case No. FD-2017-89 (the "Tulsa County Case"). The facts and circumstances of the Tulsa County Case are clearly those referenced in Ms. Wiland's Complaint. For instance, the listed mailing address for Ms. Wiland is the same in each filing [Doc. 3, p. 3] and the initials of Ms. Wiland's minor children are

the same in each case. Ms. Wiland's divorce petition in the Tulsa County Case was filed on January 11, 2017. However, after many years of contentious litigation, the Tulsa County Case remains open and, according to OSCN, had a hearing on September 13, 2024. As recently as July 12, 2024 Tulsa County Special Judge Kirsten Pace ordered circulation of a decree bifurcating issues relating to Ms. Wiland's minor children in the Tulsa County Case. Ms. Wiland has requested that this court exercise jurisdiction and take action concerning matters at the heart of the ongoing Tulsa County Case.

## II.     Applicable Law

"[J]urisdiction, even though properly obtained, may—and sometimes must—be declined under the principles of abstention." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1232 (10th Cir. 2013) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). Two abstention doctrines are relevant to this case: the *Barber* domestic-relations exception to federal jurisdiction and the *Younger* abstention doctrine.

The U.S. Supreme Court first articulated the domestic-relations exception to federal jurisdiction in *Barber v. Barber*. 62 U.S. (21 How.) 582, 584 (1858). The Court held in *Barber* that federal courts generally lack the power to hear most family-law questions, as they fall under the traditional authority of the states. *Id.* This doctrine was expanded in *In re Burrus* thirty-two years later, when the Court held that "[t]he whole subject of the domestic relations of husband and wife, parent and child belongs to the laws of the States and not to the laws of the United States." 136 U.S. 586, 593–94 (1890). The Tenth Circuit has affirmed abstention under *Barber* in domestic-relations cases involving requests for injunctions demanding a return of minor children. *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1111 (10th Cir. 2000).

Under the *Younger* doctrine—so named for the case which clearly articulated its requirements—this court

> must abstain from exercising jurisdiction when: (1) there is an ongoing state. . . civil. . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Chapman v. Barcus*, 372 Fed.App'x 899, 901 (10th Cir. 2010) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). When the *Younger* factors apply to make abstention appropriate, the proper course of action for the district court regarding any claims for injunctive or declaratory relief is to dismiss the claims without prejudice. *Id.* at 902 (citing *D.L. v. Unified Sch. Dist. No. 497*, 392 F. 3d 1223, 1232 (10th Cir. 2004)).

### III.     The Domestic-Relations Exception to Federal Jurisdiction

"[T]he domestic relations exception, as articulated by [the United States Supreme Court] since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Johnson*, 226 F.3d at 1111 (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). In the instant case, Ms. Wiland requests that this court order immediate restoration of her minor children to her and declare certain rights and jurisdictional questions in the Tulsa County Case. [Doc. 1, p. 3]. The only jurisdictional basis for these requests is "constitutional necessity because of the high trespass against a fundamental right by servants in government." [*Id.*].

Ms. Wiland is requesting that this federal court enter a decree resolving the child custody issues involved in the Tulsa County Case. Based on the clear language of both the U.S. Supreme Court and the Tenth Circuit, this court is completely without power to take such an action. *Johnson*, 226 F.3d at 1111; *Ankenbrandt*, 504 U.S. at 703. Without subject-matter jurisdiction, it is incumbent on this court to dismiss the action *sua sponte*. FED. R. CIV. P. 12(h)(3).

### IV.     *Younger* Abstention

The first *Younger* element asks whether there is an ongoing state civil proceeding. *Amantullah*, 187 F.3d at 1163. In the instant case, the Tulsa County Case is active and ongoing. The first *Younger* element is clearly met.

The second *Younger* element is whether or not the state court provides an adequate forum to hear the claims raised in the federal complaint. *Id.* "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States" and not the federal court system. *Ankenbrandt*, 504 U.S. at 703. Longstanding American jurisprudence is unwavering in holding that domestic matters are the purview of state courts, and federal courts do not attend to matters of domestic relations outside of extraordinary circumstances. Thus, Ms. Wiland's claims—all of which directly concern child custody—are best left to their traditional forum where there is the infrastructure to handle them: state court. Additionally, Ms. Wiland's request for an answer to an Oklahoma constitutional question is best left to the final arbiter of Oklahoma state law: the Oklahoma Supreme Court. *See, e.g.*, *Dyno Nobel v. Steadfast Ins. Co.*, 85 F.4th 1018 (10th Cir. 2020); *Bartch v. Barch*, 111 F.4th 1043 (10th Cir. 2024). The second *Younger* element weighs in favor of abstention.

The final *Younger* element asks whether the ongoing state proceedings involve important state interests in matter which are traditionally left to state courts for resolution. *Amanatullah*, 187 F.3d at 1163. The analysis here is congruent with that of the second element. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States." *Ankenbrandt*, 504 U.S. at 703. Legal proceedings involving domestic relations such as divorce and child custody—as is the case in this matter—are textbook issues for state courts, not federal

courts. The final *Younger* element clearly favors abstention. As all *Younger* elements go to this court abstaining from this case, it is "mandatory" that the court abstain. *Chapman v. Barcus*, 372 Fed.App'x 899, 901 (10th Cir. 2010) (citing *Weitzel v. Div. of Occupational and Prof'l Licensing and Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001)).

## V.  Conclusion

WHEREFORE, the court concludes that this action should be dismissed without prejudice pursuant to the domestic-relations exception to federal jurisdiction and the *Younger* abstention doctrine. Thus, this action is dismissed without prejudice.

IT IS SO ORDERED this 23rd day of September, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE